**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kamel Iben Salm,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-04426-PHX-KML<br>**ORDER** |

Petitioner Kamel Iben Salm is a native and citizen of Algeria. Salm entered the United States in 1989 on a B-2 visa and overstayed. (Doc. 8 at 2.) After being arrested for multiple crimes over the years, Salm was detained by immigration officials in late 2001 or early 2002. (Doc. 8-1 at 4.) In May 2002, Salm was ordered removed to Algeria. Salm's appeal of that order was "summarily dismissed by the Board of Immigration Appeals" in November 2002. (Doc. 8-1 at 5.) And from June 2008 to January 2009, immigration officials made multiple attempts to remove Salm to Algeria. Those efforts were not successful. (Doc. 8-1 at 5.) Apparently Salm was detained throughout this time period but he was released on an order of supervision on January 8, 2009. He remained out of custody and compliant with his terms of release until May 26, 2026, when immigration officials again detained him. (Doc. 8-1 at 6.)

On June 25, 2026, Salm filed a petition for writ of habeas corpus arguing, among other things, that his continued detention was not authorized by 8 U.S.C. § 1231(a)(6). *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents opposed the petition, arguing "ICE

has taken active steps to remove any impediments towards removing Petitioner to Mexico." (Doc. 8 at 4.) (Respondents also repeatedly referred to Salm being removed to Mexico, but also referred to his removal to Algeria. It is undisputed Algeria is named in his final order of removal.) In arguing officials were attempting removal, respondents relied on the removal efforts from 2007-2008. (Doc. 8 at 4.) After Salm filed a reply, respondents filed a "Motion to Dismiss." (Doc. 10 at 1.) That document argued Salm would be removed on or about August 10, 2026. Thus, respondents claimed "removal is now imminent and any claim under *Zadvydas* is now MOOT." (Doc. 10 at 1.) Respondents did not attach any evidence supporting the allegedly imminent removal. After Salm opposed that motion, respondents filed a reply, again asserting removal was imminent.

The reply stated "Respondents have a good faith belief upon representations by ICE that there are no impediments to removal and Petitioner will be removed within the next week." (Doc. 12 at 2.) Respondents provided a declaration in support of this stating on June 5, 2026, the "Arizona Travel Unit conducted [an] interview with Embassy Officials." (Doc. 14-1 at 7.) The Travel Unit requested travel documents, and those documents allegedly were received on June 11, 2026. The travel documents were not attached to the declaration.

On August 11, 2026, respondents filed a status report stating Salm's "scheduled removal flight on August 10, 2026, was cancelled" but ICE was "attempting to schedule another flight in the reasonably foreseeable future." (Doc. 15 at 1.) Respondents did not explain why the flight was cancelled or provide any indication when another flight might occur.

At this point, Salm long ago surpassed the presumptively-lawful six-month mark for detention after a final order of removal. Based on the time he has been detained, if Salm "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. The long history of failed attempts to remove Salm to Algeria, together with the lack of any evidence "that Algeria has issued—or ever agreed to issue—a travel document" (Doc. 16 at 1), are sufficient to shift the burden to the

government to provide evidence showing removal is reasonably likely.

Respondents have not met that burden. Although they have repeatedly represented that removal is imminent, they failed to provide any concrete evidence substantiating their assertions. Cryptic references to the Travel Unit obtaining documents, and that those documents will be used on a future flight, are not sufficient—particularly when the respondents represented Salm would be removed on August 10, moved to dismiss on that basis, and then notified the court the flight was cancelled with no explanation whatsoever. In these circumstances, the government has not carried its burden of establishing removal is reasonably likely. The petition is therefore granted.

**IT IS ORDERED** the petition (Doc. 1) is **GRANTED**. Respondent must immediately release petitioner from custody and file a notice of compliance within two business days of petitioner's release. The Clerk of Court shall enter judgment in favor of petitioner and close this case.

**IT IS FURTHER ORDERED** the Motion to Dismiss (Doc. 10) is **DENIED**.

Dated this 13th day of August, 2026.

Krissa M. Lanham

**Honorable Krissa M. Lanham**
**United States District Judge**